UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV - _____

| | |
|---|---|
| INNA TIKAN<br><br>    Plaintiff,<br>v.<br><br>ASSET ACCEPTANCE LLC & ELIZABETH SMITH, Individually and Jointly<br><br>    Defendants. | COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This claim includes damages for actual and statutory caused by Defendants, ASSET ACCEPTANCE LLC & ELIZABETH SMITH, individually and jointly, for violations of the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq., and MCL 445.251 *et seq*. ("MCPA"), which prohibit debt collectors from engaging in harassing, abusive, deceptive, unfair and/or unconscionable debt collection practices. Here, Defendants filed a state court collection action, against Plaintiff, 1) without proof of the existence or the amount of the debt; 2) based upon a document entitled "Affidavit of Account" which contained false statements, 3) seeking to collect amounts not expressly authorized by any agreement or permitted by law, i.e. sued an innocent stranger to the debt. During the litigation, Plaintiff provided Defendant with proof that she was not the person who owed the debt and that Defendant had mistaken her identity. Nonetheless, Defendant continued this frivolous lawsuit and falsely reported the delinquency on Plaintiff's consumer file for the past three years. This is not first occurrence of Defendant ASSET's similar bad acts as evidenced by numerous similar complaints filed by other consumers.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of the invasions of Plaintiffs' personal privacy, out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 et seq, or alternatively out of violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 et seq, by these Defendants in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5. Inna Tikan (hereinafter, "TIKAN") is a natural person who resides in the city of Waterford, Oakland County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Asset Acceptance, LLC (Hereinafter "ASSET") is a subsidiary of Asset Acceptance Capital Corporation, and is a collection agency or a debt buyer operating from an address of 28405 Van Dyke, Warren, Michigan, 48093. Defendant Asset Acceptance, LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Elizabeth Smith (Hereinafter "SMITH"), believed to be a natural person who is employed by Defendant Asset Acceptance LLC as a collection lawyer and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. ASSET filed frivolous and unfounded collection lawsuit via a verified complaint under oath against TIKAN on or about May 24, 2012, in the 36th District Court. (See Ex 1).

9. ASSET made numerous false statements under oath pertaining to this Plaintiff.

2

10. ASSET filed this collection action in a venue other than where the Plaintiff lived.

11. ASSET filed this collection action in a venue other than where the contract was formed, because Plaintiff never contracted with the Defendant or Defendant's predecessor.

12. Attached to the complaint was an Affidavit of Account, whereby ASSET swore under oath that TIKAN owed this debt and defaulted. (See Ex 2).

13. Defendant also attached to its verified complaint an account statement. (See Ex 3).

14. Because TIKAN does not owe this debt, ASSET's statements under oath were false.

15. ASSET made these false statements willfully, knowingly, deliberately or recklessly.

16. ASSET served a copy of its collection complaint on TIKAN on or about June 25, 2012 by personal service at the law office of Albert Valk.

17. The first time TIKAN became aware of this alleged debt was when she received a letter (Notice of Pending Action) directing her to call the Process Server. (See Ex 4).

18. TIKAN immediately contacted her attorney, Albert Valk (Hereinafter "VALK"), to discuss the notice because she did not understand it.

19. TIKAN is a native of Ukraine. She speaks and understands very little English.

20. When VALK explained that ASSET was attempting to serve her with a collection lawsuit, TIKAN denied owing the debt.

21. Upon her attorney's advice, TIKAN accepted service at VALK's office.

22. On July 3, 2013, VALK filed an appearance on behalf of Mrs. TIKAN.

23. Further, VALK filed an Answer to Complaint and Affirmative Defenses (See Ex 5) on Plaintiff's behalf, which denied that TIKAN owed this debt and which denial Plaintiff made under oath by sworn affidavit-testimony (See Ex 6).

24. Despite this notice and sworn testimony that the Plaintiff did not owe the debt, ASSET refused to dismiss its case and instead continued to force Plaintiff to litigate.

25. Shortly after VALK filed Plaintiff's answer in the collection lawsuit, SMITH, attorney for Defendant ASSET, called VALK to discuss the case.

26. VALK advised that his client, TIKAN did not owe this debt and requested Defendant to dismiss.

27. VALK further advised SMITH, that TIKAN never bought anything on credit at ABC Warehouse.

28. VALK further advised SMITH, that it would be impossible for TIKAN to purchase on credit because TIKAN did not have a social security number at that time, nor did TIKAN have a credit card or a line of credit.

29. Thereafter and throughout the state court litigation, VALK asked Defendant ASSET on numerous occasions, to dismiss its collection case against TIKAN.

30. VALK advised that his client, TIKAN, did not have the money to pay for attorney fees to defend a frivolous case.

31. Despite having been provided with evidence ASSET refused or neglected to further investigate the merits of its collection case against TIKAN and refused to dismiss its collection case.

32. Instead, ASSET sent VALK a letter purporting to verify and validate the debt, which TIKAN had already sworn, under oath, that she did not owe. (See Ex 7).

33. To add insult to injury, ASSET made further false statements by denying the Plaintiff's Affirmative Defenses as untrue.

34. VALK requested discovery from ASSET and the court ordered ASSET to produce discovery on or about January 25, 2013. (See Ex 8 – TIKAN's request for documents, Motion for Discovery and Order for Discovery in the State Court collection action).

35. Despite the court order, ASSET refused to produce any discovery whatsoever, let alone evidence to show TIKAN owed this debt.

36. As a result of this protracted and unnecessary litigation, TIKAN incurred attorney fees defending this frivolous lawsuit until the State Court judge ultimately dismissed ASSET's collection action after ASSET failed to appear for trial. (See Ex 9 – State Court Dismissal).

37. Despite all evidence to the contrary, ASSET continues its attempts to collect this debt by continuing to report the debt delinquent on the TIKAN's credit report. (See Ex 10 – July 2012 credit report–redacted and Ex 11 – March 22, 2013 credit report-redacted).

38. Further, the Defendant fails to report this debt as disputed.

39. ASSET failed to send a validation notice to Plaintiff, TIKAN, after purchasing the debt in 2010.

40. As a direct and proximate result, TIKAN was unaware that ASSET was reporting this debt as belonging to TIKAN and as being delinquent since April of 2010.

41. As a direct and proximate result of ASSET'S harassing and abusive debt collection activities, Plaintiff has sustained $4,370.13 in attorney fees and costs defending ASSET'S state collection action. (Ex 12 – Attorney invoice).

42. As a direct and proximate result of ASSET'S harassing and abusive debt collection activities, Plaintiff has been severely emotionally distressed.

43. As a direct and proximate result of ASSET'S harassing and abusive debt collection activities, Plaintiff has been denied credit opportunities.

## **CONCLUSION**

44. ASSET's collection communications are in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

    a. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
    b. § 1692e. Any false, deceptive, or misleading representation or means in connection with the debt collection;

    c. § 1692e(2). Misleading representations: character, amount, or legal status of debt;
    d. § 1692e(5). Threaten to take any action that cannot legally be taken or that is not intended to be taken.
    e. § 1692e(8). Threatens or communicates false credit information, including the failure to communicate that a debt is disputed
    f. § 1692e(10). Any false representation or deceptive means to collect a debt or obtain information about a consumer;
    g. § 1692f. Any unfair or unconscionable means to collect or attempt to collect the alleged debt;
    h. § 1692 f(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.
    i. § 1692f(5). Caused any charges to be made to the consumer, e.g., collect telephone calls
    j. § 1692f(6). Taken or threatened to unlawfully repossess or disable the consumer's property
    k. § 1692g Failure to send the consumer a 30-day validation notice within five days of the initial communication
    l. § 1692i(a)(2). Brought any legal action in a location other than where contract signed or where consumer resides

### *Respondeat Superior Liability*

45. The acts and omissions of Defendant, ASSET, and the other debt collectors employed as agents by Defendant who communicated with TIKAN as described herein, were committed within the time and space limits of their agency relationship with their principal, ASSET.

46. The acts and omissions by ASSET and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by ASSET in collecting consumer debts.

47. By committing these acts and omissions against TIKAN, ASSET and these other debt collectors were motivated to benefit their principal, ASSET.

48. ASSET is therefore liable to TIKAN through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from TIKAN.

**TRIAL BY JURY**

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**COUNT II**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

53. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

54. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt.

55. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

56. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

57. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

58. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

59. Plaintiff incorporates the preceding allegations by reference.

60. Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

61. Plaintiff is a protected persons as that term is defined in MCL 339.901(l).

62. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Occupation Code.

63. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

64. These violations of the Michigan Occupation Code were willful.

## COUNT IV

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

65. Plaintiff incorporates the preceding allegations by reference.

66. Defendants are "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

67. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 et seq.

68. Plaintiff has suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

69. These violations of the Michigan Debt Collections Practices Act were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff; and

9

- for such other and further relief as may be just and proper.

## COUNT III

### VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT IV

### VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 15, 2013

REX ANDERSON PC

By: /s/ Rex C. Anderson
Rex C. Anderson, Esq. (P47068)
Attorney for Plaintiff
9459 Lapeer Rd
Davison MI 48423
Telephone: (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.net